**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lloyd George SINCLAIR, Defendant—
Appellant.**

**No. 05–10338.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Submission vacated March 1, 2007.

Resubmitted June 26, 2008.

Filed June 26, 2008.

Linda C. Boone, Keith Eric Vercauteren, Esq., Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel D. Maynard, Maynard Cronin Erickson Curran & Sparks, PLC, Phoenix, AZ, for Defendant–Appellant.

Before: BEEZER, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Lloyd George Sinclair appeals several of the district court's pretrial and trial rulings and his sentences. The parties are familiar with the facts of the case. We do not recite them in detail in this disposition.

Sinclair first argues that the district court erred in denying his motion to suppress Sinclair's custodial statements to the police. The district court correctly found that the government had established that Sinclair was provided and understood his *Miranda* rights. The evidence also supports the district court's conclusion that Sinclair voluntarily, knowingly and intelligently waived his Fifth and Sixth Amendment rights. We give special deference to the district court's decision to discredit Sinclair's testimony about abuse by his arresting officers. *See United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir.1998). The district court properly concluded that the totality of the circumstances surrounding Sinclair's custodial statements did not require suppression.

Sinclair also argues that his trial was tainted by prosecutorial misconduct. The government did not affirmatively solicit any false statements on direct examination of its witness. The district court correctly concluded that the witness's false testimony during cross-examination did not deprive Sinclair of a fair trial. *See United States v. Yarbrough*, 852 F.2d 1522, 1539 (9th Cir.1988). Nor did the prosecutor's comments about Sinclair's defense counsel prejudice the jury against Sinclair. *See id.*

at 1540. The district court allowed defense counsel to re-cross the relevant witness, which "neutralized any potential harm of the [prosecutor's] remarks." *United States v. Endicott*, 803 F.2d 506, 513 (9th Cir.1986).[1] The district court properly denied Sinclair's motion for a new trial based on prosecutorial misconduct.

Sinclair argues that the sentences imposed by the district court on each count of conviction are inconsistent with the Sentencing Guidelines and are greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a). The district court properly considered the factors under § 3553 during Sinclair's sentencing hearing. The district court also properly applied the appropriate sections and cross-references in the Sentencing Guidelines. Sinclair's sentences on each count of conviction are within the Guideline ranges and are in all respects reasonable. Sinclair also has not shown that any aspect of his sentence was based on improper judicial findings of fact.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We have also considered Sinclair's arguments regarding the Vienna Convention and the admission of hearsay by a co-conspirator. Neither of these arguments requires reversal of Sinclair's conviction.

We also reject Sinclair's argument that the government breached a cooperation agreement or otherwise acted in bad faith. We DENY Sinclair's motion to enforce the cooperation agreement.